**ON COMMAND VIDEO CORPORA-TION, a California corporation, Plaintiff and Counterdefendant,**

v.

**COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation; Embassy Pictures, a joining venture; Paramount Pictures, a Delaware corporation; Twentieth Century–Fox Film Corporation, a Delaware corporation; Walt Disney Productions, a California corporation; and Warner Bros., Inc., a Delaware corporation, Defendants and Counterclaimants.**

No. C–89–4022 SAW.

United States District Court, N.D. California.

March 14, 1991.

Jeffrey W. King, Jeffrey L. Poston, Collier, Shannon & Scott, Washington, D.C., Michael F. Healy, Sedgwick, Detert, Moran & Arnold, San Francisco, Cal., for plaintiff and counterdefendant.

Robert Raven, Morrison & Foerster, San Francisco, Cal., Paul Goldstein, Stanford, Cal., and Harvey Shapiro, Sargoy, Stein, Rosen & Shapiro, New York City, for defendants and counterclaimants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

Plaintiff seeks a declaratory judgment that its videotape performance system does not violate defendants' copyright. Defendants counterclaim for copyright infringement, alleging that plaintiff's system infringes on their exclusive right to publicly perform their motion pictures. The system, which plaintiff installs and operates, allows a hotel to offer its guests the opportunity to view videotapes in their rooms. Using a remote control unit, the guest selects a videotape which triggers the system to play that tape and display it on the television set in that room.

The matter now before this Court is defendants' motion for court approval of notice of potential infringement. Defendants seek to send a notification letter of the pending litigation to plaintiff's hotel owner customers who have installed or are under contract to install plaintiff's video system. Plaintiff maintains that sending the letter would be actionable for bad faith. Therefore, defendants seek this Court's approval of the letter as a good-faith form of notification in order to avoid a subsequent attack by plaintiff on the ground that the notification was sent in bad faith. Defendants' motion is well-taken.

Plaintiff opposes defendants' motion on the grounds that: (1) this is a discovery matter which should be brought before the magistrate; and (2) defendants are acting in bad faith.

Plaintiff's contention that this is a discovery matter which should be brought before the Magistrate is without merit because defendants are not seeking to discover or prevent discovery of information through their motion.

■ The only genuine issue is whether defendants' proposed notice is in "good faith." Plaintiff alleges that it has orally notified its customers of the pending action and has offered to notify them in writing; therefore, it charges defendants with bad faith for insisting on sending their own written notification to plaintiff's customers.

However, as discussed below, a patent or copyright holder, acting in good faith, has the right to notify a competitor's customers of the pendency of an infringement suit and warn them of similar actions. Neither plaintiff's alleged oral notice, the content of which is unknown and subject to dispute, nor plaintiff's offers to provide written notice, eliminate defendants' right to provide good-faith written notice to plaintiff's hotel owner customers.

Defendants' proposed letter advises the concerned hotels in neutral, non-inflammatory language of the litigation and their potential exposure. Defendants maintain the proposed letter serves the hotels' interests by providing important information concerning their decision to install and operate On Command's system. It also serves defendants' legitimate interest in negating any possible claim that they are estopped by their failure to give notice or that laches bars action against the hotels. *See* M. Nimmer, *Nimmer on Copyright* §§ 12.06, 13.07 (1990).

■ Courts routinely uphold good faith notifications to nonparties of intellectual property claims. *See Virtue v. Creamery Package Mfg. Co.*, 227 U.S. 8, 18, 33 S.Ct. 202, 57 L.Ed. 393 (1913) ("The only limitation on the right to issue [warnings of patent infringement] is the requirement of good faith."); *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 489 F.Supp. 174, 180 (N.D.Ga.1980) ("The court finds that the actions taken by plaintiff and its agents which are complained of, including notifying retailers and the public that defendants' goods were infringing copies of copyrighted articles, were lawful and good-faith efforts to protect a valid copyright"), *aff'd*, 684 F.2d 821 (11th Cir.1982); *see also Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155–56 (7th Cir.1976); *Magnetic Eng'g & Mfg Co. v. Dings Mfg. Co.*, 178 F.2d 866, 868 (2d Cir.1950). Notification of intellectual property claims or disputes is prohibited only where the alleged infringer can demonstrate bad faith by the rightholder. *See Lucasey Mfg. Corp. v. Anchor Pad Int'l, Inc.*, 698 F.Supp. 190 (N.D.Cal.1988).[1]

■ To be in good faith, the communications must not contain misstatements or other language unsupported by the allegations of the complaint in the pending infringement action. *Chromium Indus. v. Mirror Polishing & Plating*, 448 F.Supp. 544, 558–9 (N.D.Ill.1978); *Celotex Co. v. Insulite Co.*, 39 F.2d 213, 217–218 (D.C. Minn.1930).

Defendants' proposed letter is a neutrally-worded notification that is consistent with court rulings. The letter advises hotels that On Command is a party to litigation concerning defendants' copyrighted motion pictures and states that the hotels installing the On Command system may be liable for damages and subject to an injunction if defendants prevail. The letter also suggests that the hotel may wish to contact On Command or the hotel's counsel regarding this matter.

Plaintiff fails to support its claim that defendants' desire to send its notification letter constitutes bad faith. Indeed, plaintiff makes no objection to the content of defendants' proposed letter other than that it is to be signed by defendants' counsel.

---

1. In *Lucasey,* this Court barred an action against customers where the patent holder had sent "numerous letters" to the manufacturer's customers, "rais[ing] broad allegations of patent infringement and threaten[ing] possible litigation." *Id.* at 193. The Court found these letters to be "imprecise and misleading ..., rais[ing] a strong inference of bad faith on the part of [the patent holder]." *Id.* This Court reaffirmed, however, that "[a] patentee may notify a competitor's customers of the pendency of an infringement suit and warn them of similar actions, if the patentee acts in good faith." *Id. See also Celite Corp. v. Dicalite Co.,* 96 F.2d 242, 250 (9th Cir.), *cert. denied,* 305 U.S. 633, 59 S.Ct. 101, 83 L.Ed. 407 (1938) (absent bad faith, "[t]here is nothing wrong in notifying infringers that they are guilty of infringement and are liable therefor").

Accordingly,

IT IS HEREBY ORDERED that the Court grants defendants' motion for court approval of its notice of potential infringement to plaintiff's hotel owner customers who have installed or are under contract to install plaintiff's video system. A copy of the approved form of notification letter is attached to this order. The Court limits its ruling to a finding that defendants' letter constitutes a good-faith notification and renders no decision on whether there are other bases to attack defendants' transmittal of the proposed letter.

SARGOY, STEIN, ROSEN & SHAPIRO

Attorneys at Law

HARVEY SHAPIRO

DRAFT

Dear _____:

This firm represents Columbia Pictures Industries, Inc., Paramount Pictures Corporation, Twentieth Century Fox Film Corporation, Universal City Studios, Inc., The Walt Disney Company and Warner Bros. Inc. We have received information that On Command Video Corporation [has installed/is under contract to install] in your hotel a video performance system.

We wish to advise you that On Command Video Corporation and our clients are parties to litigation styled *On Command Video Corporation v. Columbia Pictures Industries, Inc., et al.* Case No. C89 4022 SAW, pending in the U.S. District Court for the Northern District of California. On Command contends in that litigation that its video performance system such as the one [installed/to be installed] in your hotel does not result in infringing "public performances" of our clients' copyrighted motion pictures. Our clients dispute that contention and seek damages and injunctive relief.

Should our clients prevail in this litigation, _____ may be liable for damages and may be subject to an injunction against further use of On Command's system.

You may wish to contact your counsel or On Command for advice regarding this matter.

Sincerely,
Harvey Shapiro

HS:ap

1790 Broadway,
New York, NY 10019–1412
212 581–2222
FAX: 212 581–2755